New England Telephone and Telegraph Company *vs.*

Thomas A. Kennelly, *Public Utility Adm'r.*

APRIL 10, 1953.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. The instant proceeding was before this court on the motion of Thomas H. Gardiner, a person having an appealable interest therein, to dismiss an appeal by the New England Telephone and Telegraph Company from an order entered by the public utility administrator fixing certain rates and charges for services furnished by such company. A conditional order was duly entered by us January 21, 1953 denying the motion. *New England Tel. & Tel. Co.* v. *Kennelly,* 80 R. I. 164. This opinion is in explanation of that order.

The proponent of the motion urged that it be granted for several reasons which we will discuss briefly. The essential basis of his first contention is that the public utility administrator in effect made four separate orders in passing upon the matter before him. We are unable to agree with that contention. It is our opinion that the administrator entered only one order bearing a single number and that it contained four parts or subdivisions. That order reads as follows:

"(6726) Ordered: That the tariff filing made by New England Telephone and Telegraph Company with the Public Utility Administrator of Rhode Island on November 23, 1951, designated as Docket No. 554, be and the same is hereby denied and dismissed; and it is further

Ordered: That said New England Telephone and Telegraph Company shall within thirty days from the date hereof file with said Public Utility Administrator of Rhode Island a revised schedule of telephone rates and charges, designed in a manner to provide said New England Telephone and Telegraph Company with additional gross revenues not to exceed $1,168,000 annually; and it is further

Ordered: That the rates and charges contained in said tariff revision shall be apportioned equitably among the various classes of service; and it is further

Ordered: That this Order shall become effective forthwith."

In support of the motion it was argued that the company was not a person aggrieved by any order of the administrator fixing a rate, toll, or charge and hence it could not appeal to this court under the provisions of general laws 1938, chapter 122, §31, as amended by public laws 1949, chap. 2174, sec. 31. In our judgment the argument is without merit. Giving the statute a broad and reasonable construction the order, taken as a whole, fixed rates and charges and thus in its present form permitted one aggrieved to take an appeal. The first paragraph of the order denied and dismissed the tariff filing made by the company. The result of that ruling, standing alone, was to keep in effect the existing rates and charges. See G. L. 1938, chap. 122, §45. The second paragraph, however, ordered the company to file a new schedule of rates and charges designed to provide annually certain increased revenues. This was actually a fixing of rates or charges although not the one asked for by, or satisfactory to, the company.

Pursuant to that order, the latter made such a new filing and the proponent of the motion contends in substance that by so doing and by thus accepting partial relief it is estopped from prosecuting to this court its appeal from the administrator's order. Taking into consideration the nature of this proceeding and the circumstances herein it is our opinion that the company is not so estopped and that it is not foreclosed from taking and pressing its appeal by anything that the administrator or the parties themselves have done. This question was recently passed upon in *Chesapeake & Potomac Tel. Co.* v. *Public Service Comm'n,* Md. , 93 A.2d 249, and the court, after citing and reviewing the authorities, held that in a situation such as we have before us an appellant should not be put to an election but is entitled to accept the temporary relief given by the administrator and thereafter may proceed with its appeal from his order.

It is also contended in support of the motion to dismiss

that if the company should be successful in its appeal it will receive not only the $1,168,000 allowed by the administrator in his order but will receive in addition the amount of $2,150,000 which it asked for in its original tariff filing and which the administrator refused to allow. We see no basis for such contention and in our judgment the result suggested would not follow if the company's appeal from the administrator's order is successful. The disposition of the appeal would be under the control of this court. If we ultimately determine that on the evidence the administrator should have approved the tariff filing as originally made by the company, which has not been withdrawn, the amount the company had already received pursuant to the administrator's order for another filing could properly be taken into consideration.

Finally the proponent of the motion maintains that the company's first seven reasons of appeal as they appear in the eighth paragraph of its petition on appeal are not properly set out in that they do not comply with the pertinent provisions of the statute, P. L. 1949, chap. 2174, sec. 31, which require that such petition "shall fully set forth the specific reasons for which it is claimed that the order appealed from is unlawful or unreasonable." We have examined the reasons of appeal and are of the opinion that they sufficiently comply with the provisions of the statute in setting forth the specific reasons relied on by the company in questioning the validity of the order appealed from. In this connection also the proponent of the motion contends that the administrator actually made four separate orders and that it is not clear from which one the company is taking its appeal. This is without merit since in our judgment, as already pointed out, the administrator issued only one order which was divided into four parts.

The proponent's motion to dismiss the company's appeal is denied and the conditional order previously entered herein is affirmed.

*Swan, Keeney & Smith, Eugene J. Phillips, Marshall Swan, Charles Ryan,* of Massachusetts Bar, for New England Telephone and Telegraph Company.

*Thomas H. Gardiner, pro se.*